Day, J.
The several errors assigned ffpon this record, are reducible to two propositions:
1. Did the court of common pleas err, in refusing to render judgment in favor of the plaintiff for five dollars, being the sum for which the defendant offered to confess judgment before the justice of the peace?
2. Was there error in rejecting the evidence offered on the trial by the plaintiff, as shown by the bill of exceptions ?
The first question is settled by the express provisions of the code. S. & C. Stat. 1095, sec. 498. It provides that, “after an action for the recovery of money is brought, the defendant may offer in court to confess judgment for part of the amount claimed;” that if the plaintiff “refuse to accept such confession of judgment in full of his demands against the defendant in the action, .... and on the trial, do not recover more than was so offered to be confessed, such plaintiff shall pay all the costs of the defendant, incurred after the offer. The offer shall not be deemed to be an admission of the cause of action, or amount to which the plaintiff is entitled, nor be given in evidence upon the trial?”
The action, it is true, was brought before a justice of «the* peace, and the offer to confess judgment was made in that' court; but the provisions of the code are, so far as appliear ble, extended to proceedings in that court. S. & 0. Stat. 804, see. 202. The statute also further provides that, on appeal, “The plaintiff in the court below, shall be plaintiff in the court of common pleas; and the parties shall proceed, in all-respects, in the same manner, as though the action had beem originally instituted in the said court.” S. & C. Stat. 789;. sec. 115.
*514 The offer was properly made before the justice, and the defendant had the rights, conferred by the statute, until the case was finally determined by the court of commen pleas; nor could the plaintiff recover a greater amount of the defendant by reason of such offer.
Upon the question, as to whether the court erred, in rejecting the evidence offered on the trial by the plaintiff, in relation to the damage alleged to have been done, it is to be observed, that the record shows that the parties were at issue on the facts, alleged as a cause of action, or ground of damage ; and it is not shown, in the bill of exceptions, that any proof, whatever, was given on the trial, to sustain the issue. Without such proof being offered, the evidence relating only to the amount of damage, was entirely immaterial; and, however the court might have ruled on the abstract proposition submitted, the party offering it could not be injured thereby. At most, it can only be inferred from the record, that proof, to sustain the issue, was given. It is not affirmed therein. But, on petitions in error, presumptions are made only in favor of the correctness of the proceedings under review, and ¡not against them. Johnson v. Mullen, 12 Ohio Rep. 10; L. M. R. R. Co. v. Collett, 6 Ohio St. Rep. 182.
The record does not disclose any thing, but that the evidence was properly rejected, even though it be conceded, that fhe ground upon which it was done, or the reasons assigned ¡for so doing, are erroneous; for, if no proof was given tending to sustain the issue, or to prove the injury complained of, ■ evidence relating only to the amount of damage sustained by the injury, was immaterial, and properly excluded, although another reason may have been assigned. It is not shown by :the record, that such proof was introduced. It is well settled, that, before this court will reverse a judgment, the error complained of must be material, and appear to be to the prejudice of the party seeking to take advantage of it; and must, moreover, be affirmatively shown by the record. Seovern v. the State, 6 Ohio St. Rep. 288; Loudnebeck v. Collins, 4 Ohio St. Rep. 251. The record, upon this branch of the case, fails to *515 show this. It follows that, however we might determine the question decided by the court below, the judgment must be affirmed. It is, therefore, unnecessary for us to express any opinion upon the holding of that court on that proposition.
The judgment is affirmed.
Brinkerhoee, C.J., and Scott, White and Welch, JJ., concurred.